JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Shawn Archie and Tara Simmons Archie, his wife | County of Cumberland, et al. |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Cumberland/Salem/Glou**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Randy P. Catalano, Esquire- Catalano Law
401 Kings Highway South, Suite 4A, Cherry Hill NJ

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Personal Injury | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' | Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | Liability | [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine | Injury Product Liability | | New Drug Application | [ ] 460 Deportation |
| | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | |
| | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983

Brief description of cause:
Violation of Constitutional Rights

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
10/8/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

CATALANO LAW
RANDY P. CATALANO, ESQUIRE
ATTORNEY ID# 024491982
401 Kings Highway South, Suite 4A
Cherry Hill, NJ  08034
T: (856) 281-9860
F: (856) 281-9859
Email: rcatalano@catalanolaw.net

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAWN ARCHIE and TARA SIMMONS ARCHIE, his wife<br><br>     Plaintiffs,<br><br>vs.<br><br>COUNTY OF CUMBERLAND, OFFICER CORDOVA, OFFICER BERMUDEZJOHN DOES 1-10 (fictitious names), WARDEN RICHARD T. SMITH, COUNTY OF SALEM, JOHN DOES 11-20 (fictitious names), STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, CENTRAL RECEPTION ASSIGNMENT FACILITY (CRAF), JOHN DOES 21-30 (fictitious names), SOUTHERN STATE CORRECTIONAL FACILITY, JOHN DOES 31-40 (fictitious names), COUNTY OF GLOUCESTER, JOHN DOES 41-50 (fictitious names), CFG HEALTH SYSTEMS, LLC, JOHN DOES 51-75 (fictitious names), JOHN DOES 76-85 (fictitious names), JOHN DOES 86-95 (fictitious names)<br><br>     Defendants. | CIVIL NO.<br><br>CIVIL ACTION<br><br>COMPLAINT |

Plaintiff, Shawn Archie and Tara Simmons Archie, his wife with residence at 1724 Plank

Road, South Hill, VA 23790 by way of Complaint says:

## COUNT ONE
(Jurisdiction and Venue)

1.      Plaintiff, Shawn Archie brings this action against certain defendants to recover damages for deprivation and violation of rights secured to him by the Fourteenth Amendment to the United States Constitution, by 42 U.S.C. § 1983 and by the New Jersey Constitution.

2.      Plaintiff seeks redress from certain defendants' violation of his Fourteenth Amendment rights to due process of law and for his rights provided by 42 U.S.C. § 1983.

3.      This court has jurisdiction over this action under 38 U.S.C. § 1331 and 1343 (a) for violation of constitutional rights as provided in 42 U.S.C. § 1983. Plaintiff seeks monetary damages as well as attorney's fees and costs pursuant to 42 U.S.C. § 1988.

4.      Plaintiff also invokes the supplemental jurisdiction of this court over his state law claim against certain defendants pursuant to 28 U.S.C. § 1367 because the state law claims form part of the same case or controversy.

5.      Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because the acts complained of occurred in the County of Cumberland and the County of Salem

WHEREFORE, plaintiff, Shawn Archie, demands judgment for compensatory and punitive damages against defendants, County of Cumberland, Officer Cordova, Officer Bermudez, John Does 1-10 (fictitious names), Warden Richard T. Smith, County of Salem, John Does 11-20 (fictitious names), State of New Jersey, New Jersey Department of Corrections, Central Reception and Assignment Facility (CRAF), John Does 21-30 (fictitious names), Southern State Correctional Facility, John Does 31-40 (fictitious names), County of Gloucester, John Does 41-50 (fictitious names), CFG Health Systems, LLC, John Does 51-75 (fictitious

names), John Does 76-85 (fictitious names), John Does 86-95 (fictitious names).

## COUNT TWO
(Parties)

6.     At all relevant times alleged herein, plaintiff was and is a citizen of the United States of America and the State of Virginia, previously residing in Mecklenburg County.

7.     At all relevant times alleged herein, defendant, County of Cumberland and the Cumberland County Department of Corrections/ Cumberland County Jail  was the employer of the individual defendants and bodies politic of the State of New Jersey, and as such, were responsible for the institutionalized policies and practices of the Corrections Department, had disciplinary control over subordinate members of its Corrections Department, and had the authority and responsibility to prevent ongoing violations of constitutional and common law rights by members of its Corrections Department.

8.     At all times alleged herein, defendants, County of Cumberland, Cumberland County Department of Corrections, was the employer of the individual defendants and had both the authority and the responsibility to prohibit institutionalized policies and practices of its Corrections Department which fostered, permitted or acquiesced in violations of the constitutional rights of inmates including plaintiff, Shawn Archie.

9.     At all times material hereto, defendants, Officer Cordova, Officer Bermudez and Warden Richard T. Smith, were employees of the defendant, County of Cumberland and the Cumberland County Department of Corrections and were acting in such capacity and under color of state law.

10.     At all relevant times, defendant John Does 1-10 (fictitious names), were individuals employed by the County of Cumberland, who were acting in such capacity and under

color of state law. These defendants are fictitious names for individuals and/or whose identities

are currently unknown to plaintiff but expect to be ascertained in discovery.

11. At all relevant times alleged herein, defendants County of Salem and the

Salem County Department of Corrections/Salem County Jail was the employer of certain

individuals defendants and bodies politic of the State of New Jersey, and as such, were

responsible for the institutionalized policies and practices of the Corrections Department, had

disciplinary control over subordinate members of its Corrections Department, and had the

authority and responsibility to prevent ongoing violations of constitutional and common law

rights by members of its Corrections Department.

12. At all times alleged herein, defendants' County of Salem, Salem County

Department of Corrections/Salem County Jail, was the employer of certain individuals and had

both the authority and the responsibility to prohibit institutionalized policies and practices of its

Corrections Department which fostered, permitted or acquiesced in violations of the

constitutional rights of inmates including plaintiff, Shawn Archie.

13. At all relevant times, defendant John Does 11-20 (fictitious names) were

individuals employed by the County of Salem who were acting in such capacity and under color

of state law. These defendants are fictitious names for individuals and/or whose identities are

currently unknown to plaintiff but expect to be ascertained in discovery.

14. At all relevant times, defendant State of New Jersey, the New Jersey

Department of Corrections, the Central Reception and Assignment Facility (CRAF) and the

Southern State Correctional Facility were the employers of the certain individuals and bodies

politic of the State of New Jersey, and as such, were responsible for the institutionalized policies

and practices of the Corrections Department, had disciplinary control over subordinate members

of its Corrections Department, and had the authority and responsibility to prevent ongoing

violations of constitutional and common law rights by members of its Corrections Department.

15.     At all times alleged herein, defendant's State of New Jersey , the N.J.

Department of Corrections, the Central Reception Assignment Facility (CRAF) the Southern

State Correctional Facility were the employers of certain individuals and had both the authority

and the responsibility to prohibit institutionalized policies and practices of its Corrections

Department which fostered, permitted or acquiesced in violations of the constitutional rights of

inmates including plaintiff, Shawn Archie.

16.     At all relevant times, defendants John Does 21-30 (fictitious names) and

John Does 31-40 (fictitious names) were individuals employed by the State of New Jersey, the

N.J. Department of Corrections, the Central Reception Assignment Facility (CRAF), the

Southern State Correctional Facility who were acting in such capacity and under color of state

law.  These defendants are fictitious names for individuals and/or whose identities are currently

unknown to plaintiff but expect to be ascertained in discovery.

17.     At all times alleged herein, defendants' County of Gloucester and the

Gloucester County Department of Corrections was the employer of certain individuals and

bodies politic of the State of New Jersey, and as such, were responsible for the institutionalized

policies and practices of the Corrections Department, had disciplinary control over subordinate

members of its Corrections Department, and had the authority and responsibility to prevent

ongoing violations of constitutional and common law rights by members of its Corrections

Department.

18.     At all times alleged herein, defendants County of Gloucester and the

Cumberland County Department of Corrections, was the employer of the individual defendants and had both the authority and the responsibility to prohibit institutionalized policies and practices of its Corrections Department which fostered, permitted or acquiesced in violations of the constitutional rights of inmates including plaintiff, Shawn Archie.

19.     At all relevant times, defendants John Does 41-50 (fictious names) were individuals employed by the County of Gloucester who were acting in such capacity and under color of state law.  These defendants are fictitious names for individuals and/or whose identities are currently unknown to plaintiff but expect to be ascertained in discovery.

20.     At all relevant times, Defendant CFG Health Systems, LLC was a medical/nursing entity which provided such services to one or more of the institutional settings where plaintiff was housed as an inmate.

21.     Defendant CFG Health Systems, LLC employed one or more medical staff members, including nurses, and nurses' assistants, who were assigned to the aforementioned institutional settings where plaintiff was an inmate.

22.     At all relevant times, John Does 51-75 (fictitious names) were employees of defendant CFG Health Systems, LLC and acting in said capacity where their actions or failure to act in regard to plaintiff resulted in his failure to receive proper medical care and/or nursing treatment. These defendants are fictitious names for individuals and/or whose identities are currently unknown to plaintiff but expect to be ascertained in discovery.

23.     At all relevant times, defendant John Does 76-85 (fictitious entities) were other medical groups and or nursing services who provided medical care and/or nursing treatment at the intuitional settings where plaintiff was housed as an inmate. These defendants are fictitious names for individuals whose identities are currently unknown to plaintiff but expect

to be ascertained in discovery.

24.     At all relevant times, defendants John Does 86-95 (fictitious entities) were independent contractors/private maintenance companies responsible for repairs and maintenance of the institutional facilities where plaintiff was housed as an inmate and including toilets, lighting, bunk beds, and other such components needed for plaintiffs safety and well-being, and more specifically at the Gloucester County Jail.

25.     At all relevant times, all named defendants are being sued in their individual as well as their official capacities.

WHEREFORE, plaintiff, Shawn Archie, demands judgment for compensatory and punitive damages against defendants, County of Cumberland, Officer Cordova, Officer Bermudez, John Does 1-10 (fictitious names), Warden Richard T. Smith, County of Salem, John Does 11-20 (fictitious names), State of New Jersey, New Jersey Department of Corrections, Central Reception and Assignment Facility (CRAF), John Does 21-30 (fictitious names), Southern State Correctional Facility, John Does 31-40 (fictitious names), County of Gloucester, John Does 41-50 (fictitious names), CFG Health Systems, LLC, John Does 51-75 (fictitious names), John Does 76-85 (fictitious names), John Does 86-95 (fictitious names).

## COUNT THREE
### (Facts)

26.     Plaintiff, Shawn Archie, hereby incorporates the contents of all previous paragraphs as if set forth at length herein.

27.     On or about October 9, 2019, plaintiff, Shawn Archie was being housed in D-pod cell 5029 at the Cumberland County Jail. As plaintiff apparently was trying to climb on to his top bunk, he slipped on water from a leaking toilet causing him to fall landing on his right

arm and striking his head. He sustained a torn rotator cuff to his right shoulder.

28.     While he was initially seen in the infirmary and taken to the hospital, x-rays were taken a few days later. Thereafter, Mr. Archie was denied medical treatment for about six (6) months until he finally received an MRI in April of 2020.

29.     In January, 2020, Plaintiff was misdiagnosed as having a sinus infection which was actually MRSA on this face (nostril) causing damage to his right nostril as well as permanent scarring.

30.     During transports for the MRI of his right shoulder, plaintiff was placed in a vehicle whose driver was employed by defendant Gloucester County who was apparently suffering from COVID 19.

31.     As a result of this exposure, plaintiff contracted and became ill with COVID-19 himself. He became very sick but was told he has the flu and prescribed medicine for the flu. He was refused COVID 19 testing numerous times.

32.     Once he contracted COVID 19, plaintiff was isolated, and the corrections officers failed to provide for his basic needs thereby violating his constitutional rights as an inmate. He was locked behind a door by himself where he was refused a shower, his mail, phone calls, commissary, etc.

33     This is especially egregious since he contracted COVID 19 from a correction's officer or from being an inmate.

34.     Despite the results of the MRI of his right shoulder, his continued complaints of pain and discomfort and his need for additional medical treatment, plaintiff not tended to or provided with said medical care and/or treatment.

35.     Plaintiff was transferred out of Cumberland County Jail into the facilities

run by other named defendants.

36.     Regardless of where he was and despite his complaints of pain and discomfort from the injury to his right shoulder he was never provided with proper medical care and/or treatments.

## COUNT FOUR

(Negligence and Palpable Unreasonableness)

37.     Plaintiff, Shawn Archie, hereby incorporates the contents of all previous paragraphs as if set forth at length herein.

38.     Defendant County of Cumberland at all times owned, controlled, leased, managed, repaired, maintained and/or were responsible for the premises where plaintiff was housed as an inmate when he sustained his shoulder injury.

39.     As the entity who owned, controlled, leased, managed, repaired and/or maintained said premises, said defendant owed a duty to plaintiff, Shawn Archie, as an inmate at Cumberland County Jail to remove all hazards known to defendants, as well as those hazards which in the exercise of reasonable care should have been known to defendants and/or to warn plaintiff of those hazards known to defendants, as well as those hazards which in exercise of reasonable care should have been known to defendants.

40.     On or about the aforesaid dates, defendants County of Cumberland, Salem County Jail, Southern State Correctional Facility and/or John Does 1-10 (fictitious names) were negligent on their actions were palpably unreasonable as follows:

a)     failing to repair and maintain the toilet, top bunk and lighting in plaintiffs' cell;

b)      failing to make reasonable inspections in order to properly

maintain the premises in a safe condition

c)      allowing the toilet to leak resulting in water on the floor of the cell

where inmates are known and expected to traverse the cell floor;

d)      allowing a dangerous and hazardous condition to exist knowing

that inmates may have to traverse the floor of the cell in the dark ("lights out" condition);

e)      allowing a dangerous and hazardous condition to continue;

f)      failing to warn inmates of the dangerous condition;

g)      and were otherwise negligent or their actions were otherwise

palpably unreasonable under the circumstances.

WHEREFORE, plaintiff, Shawn Archie, demands judgment for compensatory

damages against defendants, County of Cumberland, Warden Richard T. Smith, Officer Cordova

John Does 1-10 (fictitious names), State of New Jersey, John Does 21-30 (fictitious names) and

John Does 31-40 (fictious names) together with interest, attorney fees and costs of suit.

## COUNT FIVE
(Fourteenth Amendment Violations)

41.      Plaintiff, Shawn Archie, hereby incorporates the contents of all previous

paragraphs as if set forth at length herein.

42.      The actions of the aforesaid defendants, jointly, severally or in the

alternative, constituted under the circumstances a failure to protect the plaintiff afforded by the

Fourteenth Amendment of the U.S. Constitution.

43.      Defendants also violated plaintiff's Due Process rights under the

Fourteenth Amendment in that he was refused medical care and treatment despite repeated

complaints of pain and/or discomfort

44.     Defendants knew or should have known that there was a risk of serious injury and/or disability when they failed to provide him with any type of medical treatment after he was complaining of shoulder pain and discomfort for several months.

45.     Defendant's actions or failure to take actions constituted a violation of plaintiff's Fourteenth Amendment rights as well as his New Jersey State Constitutional rights against such behavior.

46.     As a direct and proximate result of the actions of the aforesaid defendants, plaintiff, Shawn Archie sustained serious injuries of a temporary and permanent nature, was caused pain and suffering, emotional stress, will incur medical expenses in an effort to cure his injuries, was unable to and may in the future be unable to attend to his usual duties and affairs, was subjected to a violation of his constitutional rights and was otherwise injured and damaged.

WHEREFORE, plaintiff, Shawn Archie, demands judgment for compensatory and punitive damages against defendants, County of Cumberland, Warden Richard T. Smith, County of Salem, John Does 11-20 (fictious names), State of New Jersey, John Does 21-30 (fictious names) and John Does 31-40 (fictious names) together with interest, attorney fees and costs of suit.

## COUNT SIX
(Violation of New Jersey Civil Rights)

47.     Plaintiff, Shawn Archie, hereby incorporates the contents of all previous paragraphs as it set forth at length herein.

48.     The actions of the aforesaid Defendants constituted a violation of Plaintiff's rights under the New Jersey Civil Rights Act.

49.     As a direct and proximate result of the actions of the aforementioned

Defendants, Plaintiff, Shawn Archie, sustained serious injuries, was caused pain and suffering, emotional stress, incurred medical expenses in an effort to cure his injuries, was unable to and may in the future be unable to attend to his usual duties and affairs was subjected to a violation of his constitutional rights and was otherwise injured and damaged.

WHEREFORE, plaintiff, Shawn Archie, demands judgment for compensatory and punitive damages against defendants, County of Cumberland, Warden Richard T. Smith, Officer Cordova, Officer Bermudez, John Does 1-10 (fictitious names), County of Salem, John Does 11-20 (fictious names), State of New Jersey, John Does 21-30 (fictitious names), John Does 31-40 (fictitious names) together with interest, attorney fees and costs of costs of suit in connection with the claims asserted herein.

## COUNT SEVEN
(State Law Torts)

50.    Plaintiff, Shawn Archie, hereby incorporates the contents of all previous paragraphs as if set forth at length herein.

51.    Defendants, while acting in the course and scope of their authority, wrongfully and unlawfully forced the Plaintiff, Shawn Archie, into a situation where he was not provided with any medical care and/or treatment despite repeated requests and continued compliments of pain and discomfort.

52.    Said actions constituted intentional torts under New Jersey State Law.

53.    As a direct and proximate result of the actions of the aforementioned Defendants, Plaintiff, Shawn Archie, sustained serious injuries, was caused pain and suffering, emotional stress, incurred medical expenses in an effort to cure his injuries, was unable to and may in the future be unable to attend to his usual duties and affairs, was subjected to a violation of his constitutional rights and was otherwise injured and damaged.

WHEREFORE, plaintiff, Shawn Archie, demands judgment for compensatory and punitive damages against defendants, County of Cumberland, Warden Richard T. Smith, Officer Cordova, Officer Bermudez, John Does 1-10 (fictitious names), County of Salem, John Does 11-20 (fictitious names; State of New Jersey, John Does 21-30 (fictious names) and John Does 31-40 (fictious names together with interest, attorney fees and costs of suit.

## COUNT EIGHT
(Negligence against Defendant CFG Health Systems, LLC)

54.     Plaintiff, Shawn Archie, hereby incorporates the contents of all previous paragraphs as if set forth at length herein.

55.     Defendants CFG Health Systems, LLC and John Does 51-75 (fictious names) owed a duty of ordinary care to the Plaintiff, Shawn Archie, and Defendants breached said duty under the circumstances.

56.     Defendants CFH Health Systems LLC., and John Does 51-75 (fictitious names) breached their duty of care owed to the plaintiff as an inmate in need of medical care and/or treatment.

57.     As a direct and proximate result of the actions of the aforementioned Defendants, Plaintiff, Shawn Archie, sustained serious injuries, was caused pain and suffering, emotional stress, incurred medical expenses in an effort to cure his injuries, was unable to and may in the future be unable to attend to his usual duties and affairs, was subjected to a violation of his constitutional rights and was otherwise injured and damaged.

WHEREFORE, plaintiff, Shawn Archie, demands judgment for compensatory damages against defendants, CFG Health Systems and John Does 51-75 (fictitious names) together with interest, attorney fees and costs of suit.

## COUNT NINE
### (PER QUOD)

56.     Plaintiff, Shawn Archie, hereby incorporates the contents of all previous paragraphs as if set forth at length herein.

57.     As a direct and proximate result of the subject accident and the injuries sustained by the plaintiff, Shawn Archie, as a result of that accident, the plaintiff, Tara Simmons Archie, was and will be deprived of the services, earnings, comforts, society, companionship and consortium of her husband and has been forced to provide special services and care for him.

WHEREFORE, plaintiff, Tara Archie Simmons demands a judgment for damages against defendants, County of Cumberland, Officer Cordova, Officer Bermudez, John Does 1-10 (fictitious names), Warden Richard T. Smith, County of Salem, John Does 11-20 (fictitious names), State of New Jersey, New Jersey Department of Corrections, Central Reception and Assignment Facility (CRAF), John Does 21-30 (fictitious names), Southern State Correctional Facility, John Does 31-40 (fictitious names), County of Gloucester, John Does 41-50 (fictitious names), CFG Health Systems, LLC, John Does 51-75 (fictitious names), John Does 76-85 (fictitious names), John Does 86-95 (fictitious names).

## JURY DEMAND

Plaintiffs Shawn Archie and Tara Simmons Archie, hereby demand a jury trial as to all issues.

Randy P. Catalano, Esquire
Attorney for Plaintiffs