**HOLTZMAN MCCLAIN & LONDAR, PC**
A Professional Corporation
524 Maple Avenue, Suite 200
Linwood, NJ 08221
(609) 601-0900
Stephen D. Holtzman, Esquire (SDH 9921)
Jeffrey S. McClain, Esquire (JSM 0966)
Lilia Londar, Esquire (LL 1120)
Attorneys for Defendant CFG Health Systems, LLC

| | |
|---|---|
| Shawn Archie and Tara Simmons Archie, his wife,<br><br>Plaintiffs,<br><br>v.<br><br>County of Cumberland, Officer Cordova, Officer Bermudez, John Does 1-10 (fictitious names), Warden Richard T. Smith, County of Salem, John Does 11-20 (fictitious names), State of New Jersey, New Jersey Department of Corrections, Central Reception Assignment Facility (CRAF), John Does 21-30 (fictitious names), Southern State Correctional Facility, John Does 31-40 (fictitious names), County of Gloucester, John Does 41-50 (fictitious names), CFG Health Systems, LLC, John Does 51-75 (fictitious names), John Does 76-85 (fictitious names), John Does 86-95 (fictitious names),<br><br>Defendants. | **UNITED STATES DISTRICT COURT**<br>**District of New Jersey**<br>Camden Vicinage<br><br>Case No. 1:21-cv-18334 (NLH) (AMD)<br><br>Civil Action<br><br><br><br>**Answer to Complaint and Cross-Claims on behalf of**<br>**Defendant CFG Health Systems, LLC** |

Defendant CFG Health Systems, LLC by way of answer to Plaintiffs' Complaint, say:

## COUNT ONE
(Jurisdiction and Venue)

1. This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.
2. This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.
3. This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.
4. This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.

1

5. This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.

Wherefore, Defendant CFG Health Systems, LLC demands judgment dismissing Plaintiffs Complaint together with attorney fees and costs.

## **COUNT TWO**
(Parties)

6. This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.
7. This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.
8. This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.
9. This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.
10. This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.
11. This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.
12. This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.
13. This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.
14. This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.
15. This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.
16. This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.
17. This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.
18. This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.
19. This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.
20. It is admitted that CFG Health Services LLC, had a certain contract to provide certain medical services to County of Cumberland and the remainder of this paragraph the Plaintiff is left to their proofs.
21. This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.
22. Denied.
23. This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.
24. This Defendant neither admits nor denies the allegations of this paragraph and leaves the

25. Plaintiffs to their proofs.
25. This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.

    Wherefore, Defendant CFG Health Systems, LLC demands judgment dismissing Plaintiffs Complaint together with attorney fees and costs.

## COUNT THREE
(Facts)

26. Defendant CFG Health Systems, LLC repeats and incorporates the responses to paragraphs 1-25 as if set forth in full herein.
27. This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.
28. Denied.
29. Denied.
30. This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.
31. This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.
32. This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.
33. This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.
34. Denied.
35. This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.
36. Denied.

    Wherefore, Defendant CFG Health Systems, LLC demands judgment dismissing Plaintiffs Complaint together with attorney fees and costs.

## COUNT FOUR
(Negligence and Palpable Unreasonable)

37. Defendant CFG Health Systems, LLC repeats and incorporates the responses to paragraphs 1-36 as if set forth in full herein.
38. This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.
39. This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.
40. (a-g inclusive). This Defendant neither admits nor denies the allegations of this paragraph and leaves the Plaintiffs to their proofs.

    Wherefore, Defendant CFG Health Systems, LLC demands judgment dismissing Plaintiffs Complaint together with attorney fees and costs.

## COUNT FIVE
(Fourteenth Amendment Violations)

41. Defendant CFG Health Systems, LLC repeats and incorporates the responses to paragraphs 1-40 as if set forth in full herein.
42. Denied.
43. Denied.
44. Denied.
45. Denied.
46. Denied.

Wherefore, Defendant CFG Health Systems, LLC demands judgment dismissing Plaintiffs Complaint together with attorney fees and costs.

## COUNT SIX
(Violation of New Jersey Civil Rights)

47. Defendant CFG Health Systems, LLC repeats and incorporates the responses to paragraphs 1-46 as if set forth in full herein.
48. Denied.
49. Denied.

Wherefore, Defendant CFG Health Systems, LLC demands judgment dismissing Plaintiffs Complaint together with attorney fees and costs.

## COUNT SEVEN
(State Law Torts)

50. Defendant CFG Health Systems, LLC repeats and incorporates the responses to paragraphs 1-49 as if set forth in full herein.
51. Denied.
52. Denied.
53. Denied.

Wherefore, Defendant CFG Health Systems, LLC demands judgment dismissing Plaintiffs Complaint together with attorney fees and costs.

## COUNT EIGHT
(Negligence against Defendant CFG Health Systems, LLC)

54. Defendant CFG Health Systems, LLC repeats and incorporates the responses to paragraphs 1-53 as if set forth in full herein.
55. Denied.
56. Denied.
57. Denied.

    Wherefore, Defendant CFG Health Systems, LLC demands judgment dismissing Plaintiffs Complaint together with attorney fees and costs.

## COUNT NINE
(Per Quad)

58. (sic 56). Defendant CFG Health Systems, LLC repeats and incorporates the responses to paragraphs 1-57 as if set forth in full herein.
59. (sic 57) Denied.

    Wherefore, Defendant CFG Health Systems, LLC demands judgment dismissing Plaintiffs Complaint together with attorney fees and costs.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

    Defendant denies that they were in any way negligent.

### SECOND SEPARATE DEFENSE

    Defendant asserts that if there was any negligence or violation of Plaintiffs' rights, it was done by an independent intervening agency, person or instrumentality over which Defendant had no control.

### THIRD SEPARATE DEFENSE

    Defendant denies that they breached any duty owed to Plaintiff or any Defendant on cross-claims.

### FOURTH SEPARATE DEFENSE

    Defendant asserts that proper medical care was rendered to Plaintiff and that he was not denied proper medical care.

### FIFTH SEPARATE DEFENSE

    Defendant asserts that none of Plaintiff's constitutional rights have been breached.

### SIXTH SEPARATE DEFENSE

    Defendant asserts that the claims of Plaintiffs and all cross-claims are barred for failure to state a claim upon which relief can be granted.

### SEVENTH SEPARATE DEFENSE

Defendant asserts that Plaintiffs' claims are barred pursuant to the New Jersey Tort Claims Act, Title 59 of the New Jersey Statutes.

### EIGHTH SEPARATE DEFENSE

Defendant asserts that Plaintiff's claims, if any, were proximately caused by Plaintiff's negligence and that Plaintiff contributed to the happening of the occurrence and his claims are therefore barred and subject to diminution pursuant to the Comparative Negligence Statute of the state of New Jersey.

### NINTH SEPARATE DEFENSE

Defendant contends that Plaintiffs' claim is a Frivolous Lawsuit pursuant to Federal Rules of Procedure Rule 11 and that sanction, costs and attorney's fees should be issued with respect to this Plaintiff.

### TENTH SEPARATE DEFENSE

Defendant denies that they breached any duty that was owed to Plaintiff and/or to any Defendant on any cross-claims with respect to the reasonable and necessary medical care which has been provided to Plaintiff.

### ELEVENTH SEPARATE DEFENSE

Defendant asserts that the claims of the Plaintiff are barred by the Statute of Limitations.

### TWELFTH SEPARATE DEFENSE

Defendant asserts that the cross-claims of any Defendant are improperly pleaded and improperly served upon Defendant.

### THIRTEENTH SEPARATE DEFENSE

Defendant asserts that the cross-claims of any Defendant improperly identify Defendant and do not comply with the Federal Rules of Procedure.

### FOURTEENTH SEPARATE DEFENSE

Defendant asserts that Plaintiff's claim is improper and violates the Prison Litigation Reform Act (P.L.R.A.) and should be dismissed.

### FIFTEENTH SEPARATE DEFENSE

Defendant(s) asserts that Plaintiff has failed to file an appropriate Affidavit of Merit for

claims of professional negligence against NAMES/LICENSE/CERTIF and CFG Health Systems, LLC for claims of vicarious liability for professional negligence by licensed persons pursuant to New Jersey Statutes, N.J.S.A. 2A:53A-26, *et seq*. and applicable case law, including Hill Int'l Inc. v. Atlantic City Board of Education, 438 N.J.Super. 562 (App. Div. 2014).

### SIXTEENTH SEPARATE DEFENSE

Defendant asserts that Plaintiff has failed to exhaust all available Administrative Remedies.

### SEVENTEENTH SEPARATE DEFENSE

Defendant is entitled to a credit for any expense paid by insurance or other third parties which are claimed as damages by Plaintiff pursuant to N.J.S.A. 2A:15-97.

### EIGHTEENTH SEPARATE DEFENSE

While denying liability to the Plaintiff, Defendant asserts that if any co-Defendant effects a settlement with Plaintiff, Defendant(s) shall seek a molding of the verdict to reflect its proportionate liability pursuant to the provisions of the Comparative Negligence Act and pursuant to the principles set forth in Young v. Latta, 233 N.J. Super. 520 (App. Div. 1989).

### NINETEENTH SEPARATE DEFENSE

Defendant asserts that the claim for punitive damages is made in bad faith, and solely for the purposes of harassment, delay or malicious injury, and therefore, seek any and all remedies available under the Statute for Frivolous Pleadings, with regards to any claims for reckless conduct, or seeking punitive damages, pursuant to N.J.S.A. 2A:15-59.1.

### TWENTIETH SEPARATE DEFENSE

Plaintiff's claim for punitive damages is in violation of the United States Constitution and New Jersey Constitution and, thus, Plaintiff cannot recover damages against these Defendants.

### TWENTY-FIRST SEPARATE DEFENSE

Defendant asserts that there has been no violation of any of Plaintiff's 42 U.S.C. 1983 rights.

### TWENTY-SECOND SEPARATE DEFENSE

Defendant denies that they are liable for any violation of any constitutional right or statutes claimed by the Plaintiff.

### TWENTY-THIRD SEPARATE DEFENSE

Defendant asserts that they acted within the scope of its authority, and that it is entitled to governmental and qualified immunity.

### TWENTY-FOURTH SEPARATE DEFENSE

Defendant asserts that Plaintiff's medical treatment was proper, based on the accepted standard of medical care and accepted constitutional standards.

### TWENTY-FIFTH SEPARATE DEFENSE

Defendant asserts that they cannot be held liable pursuant to the Doctrine of *Respondeat Superior* for any of Plaintiff's claims.

### TWENTY-SIXTH SEPARATE DEFENSE

Defendant asserts that Plaintiffs' claims are barred by the doctrine of *res judicata* (claim preclusion).

### TWENTY-SEVENTH SEPARATE DEFENSE

Defendant asserts that Plaintiffs' claims are barred by the doctrine of collateral estoppel (issue preclusion).

HOLTZMAN MCCLAIN & LONDAR, PC
/s/ Stephen D. Holtzman (SDH 9921)
**Stephen D. Holtzman, Esquire**

Dated: November 12, 2021

### ANSWER TO ALL CROSS-CLAIMS

Defendant hereby deny each and every allegation contained in any and all cross-claims filed by any and all co-Defendants in this matter.

HOLTZMAN MCCLAIN & LONDAR, PC
/s/ Stephen D. Holtzman (SDH 9921)
**Stephen D. Holtzman, Esquire**

Dated: November 12, 2021

### Demand for Allocation of Fault Against Defendants

Defendant demands an allocation of fault with respect to Defendants County of Cumberland, Officer Cordova, Officer Bermudez, John Does 1-10 (fictitious names), Warden Richard T. Smith, County of Salem, John Does 11-20 (fictitious names), State of New Jersey, New Jersey Department of Corrections, Central Reception Assignment Facility (CRAF), John Does 21-30 (fictitious names), Southern State Correctional Facility, John Does 31-40 (fictitious names), County of Gloucester, John Does 41-50 (fictitious names), John Does 76-85 (fictitious names), John Does 86-95 (fictitious names) pursuant to the Comparative Negligence Act N.J.S.A. 2A:15-5.1 to – 5.4, the Joint Tortfeasors Contribution Law, N.J.S.A. 2A: 53 A-1 to -5 and the Affidavit

of Merit Act, N.J.S.A. 2A:53A-27 and Burt v. West Jersey Health Systems, 339 N.J. Super 296 (App. Div. 2001) in the event Plaintiffs have in the past or should in the future effect settlement with Defendants County of Cumberland, Officer Cordova, Officer Bermudez, John Does 1-10 (fictitious names), Warden Richard T. Smith, County of Salem, John Does 11-20 (fictitious names), State of New Jersey, New Jersey Department of Corrections, Central Reception Assignment Facility (CRAF), John Does 21-30 (fictitious names), Southern State Correctional Facility, John Does 31-40 (fictitious names), County of Gloucester, John Does 41-50 (fictitious names), John Does 76-85 (fictitious names), John Does 86-95 (fictitious names these Defendants will assert the negligence of Defendants County of Cumberland, Officer Cordova, Officer Bermudez, John Does 1-10 (fictitious names), Warden Richard T. Smith, County of Salem, John Does 11-20 (fictitious names), State of New Jersey, New Jersey Department of Corrections, Central Reception Assignment Facility (CRAF), John Does 21-30 (fictitious names), Southern State Correctional Facility, John Does 31-40 (fictitious names), County of Gloucester, John Does 41-50 (fictitious names), John Does 76-85 (fictitious names), John Does 86-95 (fictitious names and will rely upon the facts, theories and opinions of all witnesses and all experts revealed in discovery.

> **HOLTZMAN MCCLAIN & LONDAR, PC**
> /s/ Stephen D. Holtzman (SDH 9921)
> **Stephen D. Holtzman, Esquire**

Dated:  November 12, 2021

## DEMAND FOR JURY TRIAL

Defendant hereby demand a trial by jury on all issues raised by these pleadings.

> **HOLTZMAN MCCLAIN & LONDAR, PC**
> /s/ Stephen D. Holtzman (SDH 9921)
> **Stephen D. Holtzman, Esquire**

Dated:  November 12, 2021

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

TAKE NOTICE that STEPHEN D. HOLTZMAN, is hereby designated as trial counsel on behalf of Defendant.

> **HOLTZMAN MCCLAIN & LONDAR, PC**
> /s/ Stephen D. Holtzman (SDH 9921)
> **Stephen D. Holtzman, Esquire**

Dated:  November 12, 2021

## **PROOF OF E-FILING AND SERVICE**

      I certify that the attached Answer on behalf of Defendant has been filed and served on all counsel of record through Electronic Case Filing on November 12, 2021 and further served as follows:

Not Applicable

                                HOLTZMAN MCCLAIN & LONDAR, PC
                                /s/ Stephen D. Holtzman (SDH 9921)
                                  **Stephen D. Holtzman, Esquire**

Dated: November 12, 2021