UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY

_____ :
                                :
SHAWN ARCHIE and                :
TARA SIMMONS ARCHIE,            :
                                :
          Plaintiffs,           :   Civ. No. 21-18334 (NLH) (AMD)
                                :
     v.                         :   OPINION
                                :
                                :
COUNTY OF CUMBERLAND, et al.,   :
                                :
          Defendants.           :
                                :
_____:

APPEARANCES:

Randy P. Catalano, Esq.
401 Kings Highway South
Suite 4A
Cherry Hill, NJ 08034

     *Counsel for Plaintiffs*

Linda A. Galella, Esq.
Parker McKay P.A.
9000 Midatlantic Drive, Suite 300
P.O. Box 5054
Mount Laurel, NJ 08054

     *Counsel for Defendant Gloucester County*

Matthew J. Platkin, Acting New Jersey Attorney General
William C. Booth, Deputy Attorney General
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625

     *Counsel for Defendants State of New Jersey, the New Jersey
Department of Corrections, Southern State Correctional Facility,
and the Central Reception and Assignment Facility*

HILLMAN, District Judge

Defendant Gloucester County moves to dismiss Plaintiffs Shawn Archie and Tara Simmons Archie's complaint under Federal Rule of Civil Procedure 12(b)(6).  ECF No. 15.  Defendants State of New Jersey, the New Jersey Department of Corrections, Southern State Correctional Facility, and the Central Reception and Assignment Facility (collectively "State Defendants") also move to dismiss the complaint.  ECF No. 36.  Plaintiffs oppose both motions.  ECF Nos. 33 & 51.

For the reasons stated below, the Court will grant the motions to dismiss.

I.   BACKGROUND

According to the complaint, Plaintiff Shawn Archie was detained in the Cumberland County Jail on or about October 9, 2019.  ECF No. 1 at 8.  "As plaintiff apparently was trying to climb on to his top bunk, he slipped on water from a leaking toilet causing him to fall landing on his right arm and striking his head."  Id. at 8-9.  "[H]e was initially seen in the infirmary and taken to the hospital, x-rays were taken a few days later."  Id. at 9.  "In January, 2020, Plaintiff was misdiagnosed as having a sinus infection which was actually MRSA on this [sic] face (nostril) causing damage to his right nostril as well as permanent scarring."  Id.

2

A Gloucester County employee transported Plaintiff for an shoulder MRI in April 2020.  Id.  Plaintiff alleges the driver "was apparently suffering from COVID 19" and "[a]s a result of this exposure, plaintiff contracted and became ill with COVID-19 himself." Id.  "He became very sick but was told he has the flu and prescribed medicine for the flu.  He was refused COVID-19 testing numerous times."  Id.  Plaintiff alleges he was subsequently "isolated" and "locked behind a door by himself where he was refused a shower, his mail, phone calls, commissary, etc." Id.

Plaintiff Tara Archie alleges that "[a]s a direct and proximate result of the subject accident and the injuries sustained by the plaintiff, Shawn Archie, as a result of that accident" she "was and will be deprived of the services, earnings, comforts, society, companionship and consortium of her husband and has been forced to provide special services and care for him."  Id. at 15.

II.  STANDARD OF REVIEW

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party.  A motion to dismiss may be granted only if the plaintiff

has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim.  Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted).  "[A] complaint's allegations of historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings." Id. at 790.

III. DISCUSSION

A.   Shawn Archie's Claims Against Gloucester County

4

Defendant Gloucester County argues Plaintiff Shawn Archie's claims should be dismissed for failing to state claims under federal or state law.  "Defendant Gloucester County is <u>never</u> listed in the substantive causes of action outlined in Count Four to Count Eight.  The only substantive cause of action where Gloucester County is included in the 'Wherefore' clause is Count Nine, 'Per Quod.'"  ECF No. 15-1 at 13 (emphasis in original).  Plaintiff concedes "the Complaint with regard to Defendant County of Gloucester and John Does 41-50 (fictitious names) was inartfully worded to say the least" but asserts "Plaintiff [Shawn Archie] believes and intends to prove that he contracted COVID19" from the Gloucester County transport van driver.  ECF No. 33 at 2.[1]  "Plaintiff believes that his claims for violations of his constitutional rights have been sufficiently pled, however requests the court's indulgence in allowing Plaintiffs to amend this Complaint should the court find otherwise."  <u>Id.</u> at 3.

The Court agrees that Plaintiff's claims against Defendant Gloucester County are "inartfully worded" or at least incomplete.  He does not include Defendant Gloucester County in

---

[1] The Court uses the singular "Plaintiff" to refer to Plaintiff Shawn Archie in this section.  The Court will address Plaintiff Tara Archie's claim against Defendant Gloucester County separately.

any of his substantive causes of action, alleging the following

facts against Defendant Gloucester County:

> 17. At all times alleged herein, defendants' County of Gloucester and the Gloucester County Department of Corrections was the employer of certain individuals and bodies politic of the State of New Jersey, and as such, were responsible for the institutionalized policies and practices of the Corrections Department, had disciplinary control over subordinate members of its Corrections Department, and had the authority and responsibility to prevent ongoing violations of constitutional and common law rights by members of its Corrections Department.

> 18. At all times alleged herein, defendants County of Gloucester . . . was the employer of the individual defendants and had both the authority and the responsibility to prohibit institutionalized policies and practices of its Corrections Department which fostered, permitted or acquiesced in violations of the constitutional rights of inmates including plaintiff, Shawn Archie.

> 19. At all relevant times, defendants John Does 41-50 (fictious names) were individuals employed by the County of Gloucester who were acting in such capacity and under color of state law. These defendants are fictitious names for individuals and/or whose identities are currently unknown to plaintiff but expect to be ascertained in discovery.

> . . . .

> 25. At all relevant times, all named defendants are being sued in their individual as well as their official capacities.

ECF No. 1 at 6-8.[2]  Plaintiff responds that the "Complaint should

have included Defendant's County of Gloucester and Defendant

---

[2] Plaintiff concedes that the allegation in Paragraph 24 incorrectly refers to the Gloucester County Jail instead of the

John Does 44-50 in the 'WHEREFORE' clauses of Counts Five, Six, and Seven as well.  The absence of said defendants in said counts were merely an oversight in drafting."  ECF No. 33 at 3.

Count Five alleges Defendants violated Plaintiff's Fourteenth Amendment due process rights by failing to protect him and denying him medical care.  "Defendants also violated plaintiffs Due Process rights under the Fourteenth Amendment in that he was refused medical care and treatment despite repeated complaints of pain and/or discomfort."  ECF No. 1 at 11. "Defendants knew or should have known that there was a risk of serious injury and/or disability when they failed to provide him with any type of medical treatment after he was complaining of shoulder pain and discomfort for several months."  Id. at 12. "Pleadings must be construed so as to do justice."  Fed. R. Civ. P. 8(e).  These allegations appear to be related to Plaintiff's shoulder injury, which is not alleged to have been caused by Defendant Gloucester County or its employees.  ECF No. 1 at 8-9. As such, it would not be in the interests of justice to construe Count Five as alleging claims against Defendant Gloucester County and its employees.

---

Cumberland County Jail.  ECF No. 33 at 3; ECF No. 1 at 8.
Plaintiff shall correct this error in any amended complaint.

Count Six alleges Defendants violated Plaintiff's due process rights under the New Jersey Civil Rights Act ("NJCRA"). Id. at 12.  He claims that "[a]s a direct and proximate result of the actions of the aforementioned Defendants, Plaintiff, Shawn Archie, sustained serious injuries, was caused pain and suffering, emotional stress, incurred medical expenses in an effort to cure his injuries, was unable to and may in the future be unable to attend to his usual duties and affairs was subjected to a violation of his constitutional rights and was otherwise injured and damaged." Id. at 12-13.  The NJCRA "was modeled after 42 U.S.C. § 1983, and creates a private cause of action for violations of civil rights secured under the New Jersey Constitutions. . . . This district has repeatedly interpreted NJCRA analogously to § 1983." Trafton v. City of Woodbury, 799 F. Supp. 2d 417, 443 (D.N.J. 2011) (citing cases). The Court is not required to give a complaint drafted by attorneys the same liberal interpretation it must give to complaints drafted by pro se plaintiffs. Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").  That being said, a generous interpretation of Count Six could include the allegation that Defendant Gloucester County failed to protect

Plaintiff when one of its employees transported Plaintiff for an shoulder MRI in April 2020 while the driver "was apparently suffering from COVID 19," causing Plaintiff to contract COVID-19.  ECF No. 1 at 9.

"A municipality cannot be held liable for the unconstitutional acts of its employees on a theory of respondeat superior.  A plaintiff seeking to hold a municipality liable under section 1983 must demonstrate that the violation of rights was caused by the municipality's policy or custom."  Thomas v. Cumberland Cnty., 749 F.3d 217, 222 (3d Cir. 2014) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). "Where the policy 'concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to "deliberate indifference" to the rights of persons with whom those employees will come into contact.'"  Id. (quoting Carter v. City of Phila., 181 F.3d 339, 357 (3d Cir. 1999)).  Plaintiff has not pled any facts that would reasonably support an inference that Defendant Gloucester County was deliberately indifferent to his or other detainees' rights during transportation.  Accordingly, Count Six will be dismissed for failure to state a claim against Defendant Gloucester County.

Count Seven alleges:

51.  Defendants, while acting in the course and scope of
their authority, wrongfully and unlawfully forced
the Plaintiff, Shawn Archie, into a situation where
he was not provided with any medical care and/or
treatment despite repeated requests and continued
compliments of pain and discomfort.

52.  Said actions constituted intentional torts under
New Jersey State Law.

53.  As a direct and proximate result of the actions of
the aforementioned Defendants, Plaintiff, Shawn
Archie, sustained serious injuries, was caused pain
and suffering, emotional stress, incurred medical
expenses in an effort to cure his injuries, was
unable to and may in the future be unable to attend
to his usual duties and affairs, was subjected to
a violation of his constitutional rights and was
otherwise injured and damaged.

ECF No. 1 at 13.  These allegations are extremely vague in that

it is not clear what intentional torts Plaintiffs claim to have

occurred.  Moreover, Count Seven appears to be related to

Plaintiff Shawn Archie's shoulder injury or COVID-19 treatment.

That injury and medical care, or lack thereof, is not alleged to

have been caused by Defendant Gloucester County or its

employees.  As with Count Five, it would not be in the interests

of justice to construe Count Seven as alleging claims against

Defendant Gloucester County and its employees.

     Plaintiff's claims against Defendant Gloucester County are

insufficient to state a claim under federal or state law even

under a liberal interpretation of the complaint.  Accordingly,

the Court will grant Defendant Gloucester County's motion to

dismiss Plaintiff Shawn Archie's claims against it.  The
dismissal will be without prejudice.

B.   <u>Tara Archie's Claims Against Gloucester County</u>

In Count Nine of the complaint, Plaintiff Tara Archie
alleges she "was and will be deprived of the services, earnings,
comforts, society, companionship and consortium of her husband
and has been forced to provide special services and care for
him" due to Defendants' actions.  ECF No. 1 at 15.  "A per quod
claim is a derivative cause of action whose viability depends on
the existence of tortious conduct against the injured spouse."
<u>Lockhart v. Willingboro High Sch.</u>, No. 14-3701, 2017 WL 4364180,
at *8 (D.N.J. Sept. 29, 2017).  As the Court finds that
Plaintiff Shawn Archie has not stated an underlying claim
against Defendant Gloucester County, it follows that Plaintiff
Tara Archie has not stated a per quod claim against Defendant
Gloucester County.  <u>Bachman v. United States</u>, No. 03-4897, 2006
WL 3761985, at *7 (D.N.J. Dec. 19, 2006) ("Per quod claims are
only maintainable by reason of a spouse's injury." (internal
quotation marks omitted)).  The Court will dismiss the per quod
claim without prejudice.

C.   <u>State Defendants</u>

The State Defendants also move to dismiss the complaint
under Federal Rule of Civil Procedure 12(b)(6).  ECF No. 36.

11

Plaintiffs oppose the motion, which the exception of Count Four. "Plaintiff concedes that none of the State of New Jersey defendants, including Southern State Correctional Facility, should have been included in Count Four and said count can be dismissed as to any of the defendant state entities including the State of New Jersey itself."  ECF No. 51 at 2.  The Court will dismiss Count Four against the State Defendants with prejudice.

Count Five and Six are Plaintiff Shawn Archie's Fourteenth Amendment and NJCRA claims.  "The Eleventh Amendment 'is a jurisdictional bar which deprives federal courts of subject matter jurisdiction' over actions against a State."  Grohs v. Yatauro, 984 F. Supp. 2d 273, 280 (D.N.J. 2013) (citing Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 693 n.2 (3d Cir. 1996)); see also U.S. Const. amend. XI.  Plaintiffs may not bring a suit against New Jersey in federal court unless Congress has expressly abrogated its sovereign immunity or the State consents to being sued in federal court.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989).  Congress did not expressly abrogate sovereign immunity when it passed § 1983, see id., and New Jersey does not consent to Plaintiffs' suit.  Therefore, the claims against the State of New Jersey must be dismissed with prejudice.  "The state's immunity from suit also extends to

'arms' of the state, such as agencies or departments." Grohs,
984 F. Supp. 2d at 280.  Therefore, the Department of
Corrections is immune from suit as well.  "[T]o the extent that
a defendant is entitled to eleventh amendment immunity, the
defendant is not a person within the meaning of § 1983." Grabow
v. S. State Corr. Facility, 726 F. Supp. 537, 538 (D.N.J. 1989).
State prisons are also not "persons" subject to liability under
§ 1983.  Id. at 538-39.  Therefore, the Court will also dismiss
Defendants Southern State Correctional Facility and the Central
Reception and Assignment Facility from Counts Five and Six with
prejudice.

Defendant State of New Jersey further argues that "as a
public entity, cannot be held liable for any willful misconduct
of its employees.  Therefore, all claims under that statute
against State Defendants should be dismissed."  ECF No. 36-1 at
10.  See N.J.S.A. § 59:2-10 ("A public entity is not liable for
the acts or omissions of a public employee constituting a crime,
actual fraud, actual malice, or willful misconduct.").  "Thus,
there can be no vicarious liability by a public entity for
intentional torts committed by its employees; that is, with
respect to such intentional torts, the theory of respondeat
superior does not apply." Hoag v. Brown, 935 A.2d 1218, 1230
(N.J. Super. Ct. App. Div. 2007).  The Court remains uncertain

precisely which intentional torts Plaintiff seeks to levy
against Defendants, but courts in this District have dismissed
assault, battery, and intentional infliction of emotional
distress claims against public entities.  See <u>Adams v. New
Jersey Dep't of Corr.</u>, No. 21-12482, 2022 WL 1442174, at *5
(D.N.J. May 5, 2022) ("As Plaintiff's state law claims for
assault and battery are based on alleged intentional conduct,
the state or state agency cannot be liable for this intentional
conduct under the [New Jersey Tort Claims Act].");  <u>Ward v.
Barnes</u>, 545 F. Supp. 2d 400, 420-21 (D.N.J. 2008) ("The Court
finds there is no legal basis for permitting respondeat superior
liability to public entities on the theories of battery and
intentional infliction of emotional distress, which are acts
that require 'actual malicious or willful misconduct.'").
Therefore, the Court will dismiss Defendant State of New Jersey
from Count Seven.

Finally, the Court will dismiss Plaintiff Tara Archie's per
quod claim because Plaintiff Shawn Archie's claims against the
State Defendants are being dismissed with prejudice.  <u>Lockhart
v. Willingboro High Sch.</u>, No. 14-3701, 2017 WL 4364180, at *8
(D.N.J. Sept. 29, 2017).

14

IV.  CONCLUSION

     For the reasons set forth above, the Court will grant the motions to dismiss.  Fed. R. Civ. P. 12(b)(6).  An appropriate Order follows.


Dated:  August 11, 2022            s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.