UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                                :
SHAWN ARCHIE and                :
TARA SIMMONS ARCHIE,            :
                                :
          Plaintiffs,           :    Civ. No. 21-18334 (NLH) (AMD)
                                :
     v.                         :     OPINION
                                :
                                :
COUNTY OF CUMBERLAND, et al.,   :
                                :
          Defendants.           :
                                :
                                :
_____:
```

APPEARANCES:

Randy P. Catalano, Esq.
401 Kings Highway South
Suite 4A
Cherry Hill, NJ 08034

    *Counsel for Plaintiffs*

Richard Lee Goldstein, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin, PA
15000 Midlantic Drive
Suite 200
P.O. Box 5429
Mount Laurel, NJ 08054

    *Counsel for Defendant Salem County*

<u>HILLMAN</u>, District Judge

    Defendant Salem County moves to dismiss Plaintiffs Shawn

Archie and Tara Simmons Archie's complaint under Federal Rule of

Civil Procedure 12(b)(6).  ECF No. 73.  Plaintiffs oppose the

motion.  ECF No. 80.

For the reasons stated below, the Court will grant the motion to dismiss.

I.   BACKGROUND

According to the complaint, Plaintiff Shawn Archie was detained in the Cumberland County Jail on or about October 9, 2019.  ECF No. 1 at 8.  "As plaintiff apparently was trying to climb on to his top bunk, he slipped on water from a leaking toilet causing him to fall landing on his right arm and striking his head."  Id. at 8-9.  "[H]e was initially seen in the infirmary and taken to the hospital, x-rays were taken a few days later."  Id. at 9.  "In January, 2020, Plaintiff was misdiagnosed as having a sinus infection which was actually MRSA on this [sic] face (nostril) causing damage to his right nostril as well as permanent scarring."  Id.

A Gloucester County employee transported Plaintiff for a shoulder MRI in April 2020.  Id.  The MRI showed a torn rotator cuff in his right shoulder.  Id.  "Despite the results of the MRI of his right shoulder, his continued complaints of pain and discomfort and his need for additional medical treatment, plaintiff [was] not tended to or provided with said medical care and/or treatment."  Id.  "Plaintiff was transferred out of Cumberland County Jail into the facilities run by other named defendants" and "[r]egardless of where he was and despite his

complaints of pain and discomfort from the injury to his right shoulder he was never provided with proper medical care and/or treatments."  Id. at 9-10.

Plaintiff Tara Archie alleges that "[a]s a direct and proximate result of the subject accident and the injuries sustained by the plaintiff, Shawn Archie, as a result of that accident" she "was and will be deprived of the services, earnings, comforts, society, companionship and consortium of her husband and has been forced to provide special services and care for him."  Id. at 15.

II.  STANDARD OF REVIEW

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party.  A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim.  Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted).  "[A] complaint's allegations of historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings."  Id. at 790.

III. DISCUSSION

Defendant Salem County argues Plaintiffs' claims should be dismissed for failing to state claims under federal or state law.  "[]Plaintiffs have failed to allege that any of the wrongful acts occurred as a result of any conduct of any employee of Salem County.  In fact, only in the WHEREFORE clause is the County of Salem even specifically mentioned."  ECF No. 73-2 at 6.  Plaintiffs argue "[w]hile portions of the Complaint were perhaps inartfully drawn and set forth, there is sufficient information to make out claims against the Defendant County of

4

Salem and/or its employees in failing to provide the Plaintiff

Shawn Archie with the appropriate medical care, testing and

surgery for his right shoulder . . . ."  ECF No. 80 at 2.

The Court agrees that Plaintiffs' claims against Defendant

Salem County are "inartfully drawn" or at least incomplete.  He

does not include any factual allegations against Defendant Salem

County besides the following conclusory and vague mentions:

> 11. At all times alleged herein, defendants County of
> Salem and the Salem County Department of Corrections/
> Salem County Jail was the employer of certain
> individuals defendants and bodies politic of the State
> of New Jersey, and as such, were responsible for the
> institutionalized policies and practices of the
> Corrections Department, had disciplinary control over
> subordinate members of its Corrections Department, and
> had the authority and responsibility to prevent ongoing
> violations of constitutional and common law rights by
> members of its Corrections Department.
>
> 12. At all times alleged herein, defendants' County of
> Salem, Salem County Department of Corrections/Salem
> County Jail was the employer of certain individuals and
> had both the authority and the responsibility to
> prohibit institutionalized policies and practices of its
> Corrections Department which fostered, permitted or
> acquiesced in violations of the constitutional rights of
> inmates including plaintiff, Shawn Archie.
>
> 13. At all relevant times, defendants John Does 11-20
> (fictious names) were individuals employed by the County
> of Salem who were acting in such capacity and under color
> of state law. These defendants are fictitious names for
> individuals and/or whose identities are currently
> unknown to plaintiff but expect to be ascertained in
> discovery.
>
> . . . .

25.  At all relevant times, all named defendants are being sued in their individual as well as their official capacities.

ECF No. 1 at 5, 8.

A.   Negligence and Palpable Unreasonableness

In Count Four, Plaintiff[1] alleges "negligence and palatable unreasonableness" against Defendants, including Defendant Salem County.  ECF No. 1 at 10.  Included in the alleged negligent actions are Defendants': "fail[ure] to repair and maintain the toilet, top bunk and lighting in plaintiff's cell"; "fail[ure] to make reasonable inspections in order to properly maintain the premises in a safe condition"; "allowing the toilet to leak resulting in water on the floor of the cell . . ."; "allowing a dangerous and hazardous condition to exist knowing that inmates may have to traverse the floor of the cell in the dark ('lights out' condition)"; "allowing a dangerous and hazardous condition to continue"; ""fail[ure] to warn inmates of the dangerous condition"; and being "otherwise negligent or . . . otherwise palpably unreasonable under the circumstances."  Id. at 10-11.

Defendant Salem County argues Count Four should be dismissed for failure to state a claim and because Plaintiff did not file a timely notice of tort claim.  To the second argument,

---

[1] The Court uses the singular "Plaintiff" to refer to Plaintiff Shawn Archie. The Court will address Plaintiff Tara Archie's claim against Defendant Salem County separately.

Plaintiff's counsel only responds "since my office was retained long after the initial ninety (90) day period where said Notices would have been due, it is unknown whether the Plaintiffs or someone on their behalf filed such Notices with the appropriate entities."  ECF No. 80 at 2.  "To the extent the court accepts Defendant County of Salem's contentions in this regard, then it is expected that the court will dismiss Counts Four and Seven of the Complaint as to Defendant County of Salem and/or its employees."  Id.  The Court need not address whether the tort claim notice was timely filed, if at all, because Plaintiff has not stated a negligence claim against Defendant Salem County.

The allegedly "negligent and palatably unreasonable" actions appear to be related to the causation for Plaintiff's shoulder injury, which occurred before Plaintiff was transferred into Defendant Salem County's custody.  ECF No. 1 at 8-9.  Therefore, Plaintiff has not alleged facts that plausibly suggest Defendant Salem County was responsible for Plaintiff's initial injury.  The Court will dismiss this claim for failure to state a claim.  Fed. R. Civ. P. 12(b)(6).

B.   Denial of Medical Care

Plaintiff asserts the Court should not dismiss Count Five because he has plausibly alleged that Defendant Salem County violated his due process rights by denying him medical care.

"Defendants also violated plaintiff's Due Process rights under the Fourteenth Amendment in that he was refused medical care and treatment despite repeated complaints of pain and/or discomfort."  ECF No. 1 at 11.  "Defendants knew or should have known that there was a risk of serious injury and/or disability when they failed to provide him with any type of medical treatment after he was complaining of shoulder pain and discomfort for several months."  Id. at 12.

As a municipality, Defendant Salem County "cannot be held liable for the unconstitutional acts of its employees on a theory of respondeat superior.  A plaintiff seeking to hold a municipality liable under section 1983 must demonstrate that the violation of rights was caused by the municipality's policy or custom."  Thomas v. Cumberland Cnty., 749 F.3d 217, 222 (3d Cir. 2014) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)).  "Liability is imposed 'when the policy or custom itself violates the Constitution or when the policy or custom, while not unconstitutional itself, is the "moving force" behind the constitutional tort of one of its employees.'"  Id. (quoting Colburn v. Upper Darby Twp., 946 F.2d 1017, 1027 (3d Cir. 1991)).

To state a Monell claim, Plaintiff must plead facts showing that the relevant Salem County policymakers are "responsible for

either the affirmative proclamation of a policy or acquiescence
in a well-settled custom." Bielevicz v. Dubinon, 915 F.2d 845,
850 (3d Cir. 1990).  "Policy is made when a decisionmaker
possess[ing] final authority to establish municipal policy with
respect to the action issues an official proclamation, policy,
or edict.  Government custom can be demonstrated by showing that
a given course of conduct, although not specifically endorsed or
authorized by law, is so well-settled and permanent as virtually
to constitute law." Kirkland v. DiLeo, 581 F. App'x 111, 118
(3d Cir. 2014) (internal quotation marks and citations omitted)
(alteration in original).

The complaint alleges that Defendant Salem County was
"responsible for the institutionalized policies and practices of
the Corrections Department, had disciplinary control over
subordinate members of its Corrections Department, and had the
authority and responsibility to prevent ongoing violations of
constitutional and common law rights" and "had both the
authority and the responsibility to prohibit institutionalized
policies and practices of its Corrections Department which
fostered, permitted or acquiesced in violations of the
constitutional rights of inmates . . . ." ECF No. 1 at 5.
Failure-to-supervise claims "are generally considered a
subcategory of policy or practice liability." Barkes v. First

Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2014), rev'd on
other grounds sub nom. Taylor v. Barkes, 575 U.S. 822 (2015).
Plaintiff must identify a supervisory policy or practice that
Salem County failed to employ, and provide sufficient facts
that, if true, would show: "(1) the policy or procedures in
effect at the time of the alleged injury created an unreasonable
risk of a constitutional violation; (2) the defendant-official
was aware that the policy created an unreasonable risk; (3) the
defendant was indifferent to that risk; and (4) the
constitutional injury was caused by the failure to implement the
supervisory practice or procedure."  Id. at 317 (citing Sample
v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)).

        None of these required facts are present in the complaint.
Plaintiff asserts in his opposition papers that "[t]he policy or
custom which was alleged in the Complaint and breached by the
Defendant County of Salem was its failure to provided [sic]
adequate and appropriate medical care to the Plaintiff, Shawn
Archie."  ECF No. 80 at 2.  "The MRI [in April 2020] showed a
tear of the rotator cuff in his right shoulder which
necessitated surgery to repair.  Unfortunately, said surgery did
not take place until September of 2021.  During the interim 18
months, he was transferred to other facilities, including the
Salem County Jail which is owned and operated by the Defendant

County of Salem." Id. at 1. "Despite his continued complaints

of pain and discomfort and the inability to use his right

shoulder, he was not provided with the requisite medical care or

treatment, including surgery while he was an inmate at the Salem

County Jail." Id. Plaintiff cannot rely on his opposition

papers to advance facts that are not present in the complaint.

See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d

173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint

may not be amended by the briefs in opposition to a motion to

dismiss.").

The complaint as submitted makes vague, conclusory

allegations against Defendant Salem County and does not provide

facts to support Plaintiff's theory of liability. "A pleading

that offers labels and conclusions or a formulaic recitation of

the elements of a cause of action will not do." Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks

omitted). The Court will dismiss Count Five without prejudice.

Count Six raises a claim under the New Jersey Civil Rights

Act ("NJCRA"). Plaintiff claims that "[a]s a direct and

proximate result of the actions of the aforementioned

Defendants, Plaintiff, Shawn Archie, sustained serious injuries,

was caused pain and suffering, emotional stress, incurred

medical expenses in an effort to cure his injuries, was unable

11

to and may in the future be unable to attend to his usual duties
and affairs was subjected to a violation of his constitutional
rights and was otherwise injured and damaged."  ECF No. 1 at 12-
13.  The NJCRA "was modeled after 42 U.S.C. § 1983, and creates
a private cause of action for violations of civil rights secured
under the New Jersey Constitutions. . . . This district has
repeatedly interpreted NJCRA analogously to § 1983."  Trafton v.
City of Woodbury, 799 F. Supp. 2d 417, 443 (D.N.J. 2011) (citing
cases).  The Court will dismiss Count Six without prejudice for
the same reasons as Count Five.

C.    Intentional Tort Claims

      Count Seven alleges:

    51.  Defendants, while acting in the course and scope of
         their authority, wrongfully and unlawfully forced
         the Plaintiff, Shawn Archie, into a situation where
         he was not provided with any medical care and/or
         treatment despite repeated requests and continued
         compliments of pain and discomfort.

    52.  Said actions constituted intentional torts under
         New Jersey State Law.

    53.  As a direct and proximate result of the actions of
         the aforementioned Defendants, Plaintiff, Shawn
         Archie, sustained serious injuries, was caused pain
         and suffering, emotional stress, incurred medical
         expenses in an effort to cure his injuries, was
         unable to and may in the future be unable to attend
         to his usual duties and affairs, was subjected to
         a violation of his constitutional rights and was
         otherwise injured and damaged.

12

ECF No. 1 at 13.  These allegations are extremely vague in that

it is not clear what intentional torts Plaintiff claims to have

occurred, but Plaintiff's lack of specificity is ultimately

irrelevant.

Under the New Jersey Tort Claims Act ("NJTCA"), "[a] public

entity is liable for injury proximately caused by an act or

omission of a public employee within the scope of his employment

in the same manner and to the same extent as a private

individual under like circumstances."  N.J.S.A. § 59:2-2(a).

However, "[a] public entity is not liable for the acts or

omissions of a public employee constituting a crime, actual

fraud, actual malice, or willful misconduct."  N.J.S.A. § 59:2-

10.  "Thus, there can be no vicarious liability by a public

entity for intentional torts committed by its employees."  Hoag

v. Brown, 935 A.2d 1218, 1230 (N.J. Super. Ct. App. Div. 2007).

Courts in this District have dismissed assault, battery,

and intentional infliction of emotional distress claims against

public entities.  See Adams v. New Jersey Dep't of Corr., No.

21-12482, 2022 WL 1442174, at *5 (D.N.J. May 5, 2022) ("As

Plaintiff's state law claims for assault and battery are based

on alleged intentional conduct, the state or state agency cannot

be liable for this intentional conduct under the [New Jersey

Tort Claims Act]."); Ward v. Barnes, 545 F. Supp. 2d 400, 420-21

(D.N.J. 2008) ("The Court finds there is no legal basis for
permitting respondeat superior liability to public entities on
the theories of battery and intentional infliction of emotional
distress, which are acts that require 'actual malicious or
willful misconduct.'").  Therefore, Plaintiff's intentional tort
claims against Defendant Salem County must be dismissed with
prejudice.

D.    Tara Archie's Claims Against Salem County

In Count Nine of the complaint, Plaintiff Tara Archie
alleges she "was and will be deprived of the services, earnings,
comforts, society, companionship and consortium of her husband
and has been forced to provide special services and care for
him" due to Defendants' actions.  ECF No. 1 at 15.  "A per quod
claim is a derivative cause of action whose viability depends on
the existence of tortious conduct against the injured spouse."
Lockhart v. Willingboro High Sch., No. 14-3701, 2017 WL 4364180,
at *8 (D.N.J. Sept. 29, 2017).  As the Court finds that
Plaintiff Shawn Archie has not stated an underlying claim
against Defendant Salem County, it follows that Plaintiff Tara
Archie has not stated a per quod claim against Defendant Salem
County.  Bachman v. United States, No. 03-4897, 2006 WL 3761985,
at *7 (D.N.J. Dec. 19, 2006) ("Per quod claims are only
maintainable by reason of a spouse's injury." (internal

quotation marks omitted)).  The Court will dismiss the per quod

claim without prejudice.

IV.  CONCLUSION

For the reasons set forth above, the Court will grant the

motion to dismiss.  Fed. R. Civ. P. 12(b)(6).  An appropriate

Order follows.


Dated: March 17, 2023                    s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.